UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES E. WATKINS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>BARBARA KASPER, *et al.*, )<br>)<br>Defendants ) | Cause No. 3:05-CV-028 RM |

OPINION AND ORDER

This matter is before the court on plaintiff Charles Watkins's verified petition for a protective order, which the court will treat as a motion for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b). Mr. Watkins is confined at the Miami Correctional Facility ("MCF").

In general, the purpose of a temporary restraining order is to preserve the *status quo* for a brief period, usually not more than ten days, until a hearing can be held on a request for a preliminary injunction. *See* 7 Pt. 2 Moore's Federal Practice and Procedure, ¶ 65.05 (1989); C. Wright & A. Miller, Federal Practice and Procedure § 2951, at 498. "The essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality." Geneva Assur. v. Medical Emergency Services, 964 F.2d 599, 600 (7th Cir. 1992). "*[E]x parte* temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, etc., 415 U.S. 442, 439 (1974).

Under FED. R. CIV. P. 65(b), a temporary restraining order may be granted "without written or oral notice to the adverse party or that party's attorney only

if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

Prisoners have a constitutional right to "meaningful" access to the courts to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977). Meaningful access includes reasonable access to legal materials, which is often afforded by access to a prison law library.

Mr. Watkins asks the court to order MCF officials to provide him with at least eight hours a week in the law library and access to a specific law clerk. Federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of a penal institution. Whitley v. Albers, 475 U.S. 312, 321-22 (1986), *quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1979). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981); Bell v. Wolfish, 411 U.S. at 547. Given the deference owed to prison officials in operating prisons and the lack of demonstrated harm to the plaintiff in this case, this court declines to intervene in the operation of the MCF law library.

Mr. Watkins also asks the court to enter a temporary restraining order preventing MCF officials from transferring him to another facility. Convicted prisoners have no expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to

2

another. Meachum v. Fano, 427 U.S. 215 (1976); Montayne v. Haymes, 427 U.S. 236 (1976). Mr. Watkins has not met the high threshold requirement of showing an immediate and irreparable harm will befall him if he is transferred to another facility, and has not shown sufficient justification for granting a restraining order before MCF officials or their attorney can be heard in opposition.

For the forgoing reasons, the court DENIES the plaintiff's motion for a temporary restraining order [docket #3].

SO ORDERED.

ENTERED: June 28 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court