UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES E. WATKINS, | ) |
| Plaintiff | ) |
| vs. | ) Cause No. 3:05-CV-00028 RM |
| BARBARA KASPER, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on plaintiff Charles Watkins's Motion for Temporary Restraining Order and Preliminary Injunction. In general, the purpose of a temporary restraining order is to preserve the *status quo* for a brief period, usually not more than ten days, until a hearing can be held on a request for a preliminary injunction. *See* 7 Pt. 2 Moore's Federal Practice and Procedure, ¶ 65.05 (1989); C. Wright & A. Miller, Federal Practice and Procedure § 2951, at 498. "The essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality." Geneva Assur. v. Medical Emergency Services, 964 F.2d 599, 600 (7th Cir. 1992)."*[E]x parte* temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, etc., 415 U.S. 442, 439 (1974).

A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. 7 Pt. 2 Moore's Federal Practice and Procedure § 65.04 (1); *see* Texas v. Camenisch, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to

preserve the relative positions of the parties until a trial on the merits can be held."); E.E.O.C. v. City of Janesville, 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo*."). A party seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. Vencor, Inc. v. Webb, 33 F.3d 840, 845 (7th Cir. 1994); Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 313-14 (7th Cir. 1994); Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* If these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is denied, and consider the harm caused to the public by granting or denying preliminary relief." Vencor, Inc. v. Webb, 33 F.3d at 845; Abbott Laboratories v. Mead Johnson & Co., 971 F.2d at 12-13; Kellas v. Lane, 923 F.2d 492, 493-94 (7th Cir. 1990). The court will treat the plaintiff's motion as a request for a preliminary injunction.

     Mr. Watkins asks the court to order MCF officials to provide him with at least eight hours a week in the law library. Prisoners have a constitutional right to "meaningful" access to the courts in order to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977). Meaningful access includes reasonable access to legal materials, which is often afforded by access to a prison law library. Federal courts, however, must accord wide-ranging

deference to correctional professionals in the adoption and execution of policies for the operation of a penal institution, Whitley v. Albers, 475 U.S. 312, 321-22 (1986), *quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1979), and must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981); Bell v. Wolfish, 411 U.S. at 547.

An institutional law library has a finite space and the time within which prisoners may use the library is limited. Were this court to direct prison officials that specific inmates must have a certain amount of time each week in the law library, it would destroy their discretion to provide adequate law library time to other inmates with cases in this and other courts. Given the deference owed to prison officials in operating prisons and the lack of demonstrated harm to the plaintiff in this case, this court declines to intervene in the operation of the MCF law library.

Mr. Watkins also asks the court enter an order preventing MCF officials from transferring him to another facility without approval from this court. Convicted prisoners have no expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. Meachum v. Fano, 427 U.S. 215 (1976); Montayne v. Haymes, 427 U.S. 236 (1976). Moreover, Mr. Watkins has not met the high threshold requirement of showing an immediate and irreparable harm will befall him if he is transferred to another facility.

Mr. Watkins asks the court to enter an order preventing the defendants from retaliating against inmates who have or will in the future provide the plaintiff with affidavits. Mr. Watkins has not sufficiently established that inmates who provide affidavits are in any danger of retaliation, and such an open ended order

as the plaintiff seeks would be contrary to the deference this court is to provide to correctional officials in the adoption and execution of policies for the operation of a penal institution. Whitley v. Albers, 475 U.S. at 321-322.

At the conclusion of his memorandum in support of his motion, Mr. Watkins asks the court to order the defendants to reinstate him as a schedule one law clerk. Mr. Watkins, however, does not address the merits of this request, and the record before the court does not demonstrate sufficient likelihood of success on the merits.

For the forgoing reasons, the court DENIES the plaintiff's motion for a temporary restraining order or preliminary injunction [docket #15].

SO ORDERED.

ENTERED: August 16 , 2005

       /s/ Robert L. Miller, Jr.
       Chief Judge
       United States District Court