**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHARLES E. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:05-CV-28-TS |
| | ) | |
| BARBARA KASPER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

This matter is before the Court on the Defendant's Renewed Motion for Judgment as a Matter of Law After Trial and in the Alternative Motion for New Trial (DE 143) and the Defendant's Motion to Stay Enforcement of Judgment (DE 146). Both motions are denied.

**BACKGROUND**

The Plaintiff, a prison law clerk trying his case *pro se*, sued the Defendant for retaliating against his exercise of the First Amendment right to complain about the Defendant's handling of his personal property and her implementation of various library policies that restricted the prison law clerks' ability to assist other inmates with their legal matters. The case was tried to a jury over three days. The jury returned a verdict for the Plaintiff and awarded him $150 in compensatory damages and $1000 in punitive damages.

At trial, the Defendant orally moved for judgment as a matter of law at the close of the Plaintiff's case and at the close of all the evidence, and renewed the motion after the jury returned its verdict, as required by Rule 50 of the Federal Rules of Civil Procedure. The motion was directed at four issues: (1) whether the Plaintiff could recover damages for mental or emotional injuries; (2) whether the Plaintiff presented sufficient evidence that Defendant Sally

Stevenson was aware that he had engaged in any constitutionally protected activity; (3) whether the Plaintiff's speech was constitutionally protected; and (4) whether the second conduct report filed against the Plaintiff can be deemed a retaliatory act. The Plaintiff did not object to the motion as it related to the first two issues. The Court granted the motion as to those issues, dismissed Sally Stevenson from the case, and took the motion under advisement as to the remaining issues. The Court then issued an opinion and order denying the Defendant's motion as to the remaining issues. (DE 140.)

The Defendant now renews her motion and, in the alternative, requests a new trial. The Plaintiff did not respond to this renewed motion.

## ANALYSIS

A judgment as a matter of law is granted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

In viewing the facts presented on a motion for judgment as a matter of law, a court "must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inference in that party's favor." *Lasley v. Moss*, 500 F.3d 586, 590 (7th Cir. 2007). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of

2

triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443. "Since judgment as a matter of law deprives the party opposing the motion of a determination of the facts by a jury, it should be granted cautiously and sparingly." 9A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2524 (2d ed. 1995); *see also Gower v. Vercler*, 377 F.3d 661, 666 (7th Cir. 2004) (a jury verdict "cannot be lightly set aside").

If a court denies a motion for judgment as a matter of law, it may still order a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The most typical grounds for granting a new trial are that the verdict is against the weight of the evidence, the verdict is too large or too small, there is newly discovered evidence, the conduct of counsel or the court has tainted the verdict, there has been misconduct affecting the jury, it is determined that the verdict is based on false testimony, or a party has been unfairly made the victim of surprise. 11 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2805 (2d ed. 1995).

The Defendant's previous motions for judgment as a matter of law argued that none of the Plaintiff's speech was constitutionally protected because it did not address a matter of public concern.[1] The Court's previous opinion noted the difficulty in applying that standard to inmate

---

[1] The speech at issue was described by the Court in its previous Opinion and Order. The Plaintiff participated in a meeting on February 13, 2004, along with the Defendant and a few other law clerks and prison administrators. The Plaintiff elicited testimony from several witnesses that he and the Defendant held contrasting views with regard to the manner in which library resources and inmate law clerks should be utilized in assisting other inmates with their various legal matters. Essentially, the Defendant believed that the access to the library and its resources that had been provided to inmates in the past exceeded what they were entitled to. She also believed the law clerks' only function was to retrieve books and forms that inmates requested rather than to assist the inmates with completing the forms and filing legal papers. The Plaintiff, on the other hand, believed that the law clerks should be able to provide as much assistance as possible (short of what he understood to be giving legal advice) in preparing legal documents and navigating through the judicial system.

Consistent with her views, the Defendant began instituting policies to restrict the law clerks' privileges and

speech but agreed with the Defendant that it was the standard that the Seventh Circuit applies. The Defendant's renewed motion before the Court now argues that whether the speech was directed toward a matter of public concern is the wrong standard to apply. Instead, she argues that the Court must decide whether the speech was made pursuant to official duties.

The Court disagrees with the Defendant that it applied the incorrect standard in the previous order, and the Court's previous ruling on the issue therefore stands. The Defendant essentially argues that since the Seventh Circuit has borrowed the requirement that inmates asserting free-speech claims prove that speech was related to a matter of public concern from the public-employee context, any subsequent caselaw modifying the requirements for free speech claims in the public-employee context also must apply in the inmate free-speech context. The Seventh Circuit, relying on *Garcetti v. Ceballos*, 547 U.S. 410 (2006), has very recently explained that in the public-employee context, "when determining whether a public employee spoke as a citizen, the operative question is whether he made his statements pursuant to his official duties." *Callahan v. Fermon*, 526 F.3d 1040, 1044 (7th Cir. 2008). *Garcetti* and

---

duties, such as prohibiting the law clerks from storing any personal property (including some legal materials) in the library and assisting other inmates beyond retrieving requested books and forms. The Plaintiff thought these changes were, at least in part, an effort to reduce the number of tort claims that inmates were filing. The Plaintiff expressed his disagreement with the new policies at the February 13 meeting. The Defendant states in her renewed motion that the Plaintiff not only expressed his disagreement with the policies, but also that he would not implement them. The Court finds that this factual characterization is not supported by the record.

It is true, as the Defendant points out, that the Plaintiff testified that at the February 13 meeting he complained that the new policies violated *his* constitutional rights and that they interfered with *his* ability to do his job. However, a fair evaluation of all the testimony in the Plaintiff's case-in-chief indicates that the Plaintiff was not just complaining about the alleged violation of his own constitutional rights, but also about what he believed was the violation of all the inmates' constitutional rights. He believed the inmates had a constitutional right to more substantial assistance than the Defendant would allow.

The Plaintiff also orally complained to the Defendant on February 26, 2004, that she left his books and personal materials out in the open such that other prisoners could disturb or steal them. It is this second complaint that the Plaintiff believes led to the Defendant filing a conduct report against him charging him with intimidation. He claims that at the February 13 meeting he was both expressing his general opinion about the constitutionality of the new library policies and orally grieving the impact those policies had on him personally.

4

*Callahan* (and other cases to the same effect) were decided more recently than *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005) (explaining that public concern requirement was imputed to inmate free-speech claims from public-employee line of cases), so the Defendant believes that the Seventh Circuit would again impute this newer standard, whether speech was made pursuant to official duties, to the inmate free-speech context.

  The first problem with this argument is that it has been over two years since *Garcetti* was decided, and the Defendant does not cite any cases where the Seventh Circuit has adopted this new formulation in the inmate free-speech context. Quite the opposite, the Seventh Circuit has continued following the public concern standard. For example, in *Pearson v. Wellborn*, 471 F.3d 732, 741 (7th Cir. 2006), decided almost six months after *Garcetti*, the Seventh Circuit applied the public concern standard in an inmate free-speech case. When she made her first motion for judgment as a matter of law, the Defendant cited *Whitfield v. Snyder*, 263 Fed. Appx. 518 (7th Cir. 2008) (nonprecedential order), a case in which the Seventh Circuit applied the public concern standard to an inmate's claim that he was improperly fired from his prison job. Neither case cited *Garcetti* or discussed whether the speech was made pursuant to official duties.

  The second problem is that asking the question whether or not speech was made pursuant to official duties does not make sense in the inmate-speech context where inmates may not have had a job at all or are complaining of retaliatory acts unrelated to their employment. It might make some sense in the subset of inmate-speech cases where an inmate claims he or she was fired from a prison job for exercising First Amendment rights, but the Seventh Circuit thus far has applied one standard to all cases in inmate-speech context, regardless of whether the retaliatory act was firing an inmate from a prison job, *see McElroy* 403 F.3d at 856–58, or filing

5

a disciplinary ticket to interfere with an inmate's transfer to a different facility, *see Pearson*, 471 F.3d at 736.

Because the Court declines to adopt the analytical framework borrowed from *Garcetti* as recommended by the Defendant, the Court relies on the analysis provided in its previous opinion (DE 140) for ruling that the Plaintiff's speech was constitutionally protected. The Defendant's policy argument that inmates should not have more rights than public employees certainly has some force, but it is not apparent that the framework the Seventh Circuit has adopted, and as applied in this case, gives inmates more rights than public employees.

The Defendant also claims that the Plaintiff's use of a conduct report as evidence of retaliation runs afoul of the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), that an inmate's complaint for damages pursuant to 42 U.S.C. § 1983 must be dismissed if it necessarily implies the invalidity of his or her conviction or sentence unless he or she can demonstrate that the conviction or sentence has already been invalidated.[2] "*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The Plaintiff in this case argued that he was innocent of the conduct he was charged with, intimidation, not innocent of the charge he was convicted of,

---

[2] The Plaintiff alleges that the Defendant retaliated against him for his speech by, among other things, filing two conduct reports. The first conduct report charged the Plaintiff with improperly storing personal items in the law library. He was acquitted of that charge. The second conduct report charged the Plaintiff with intimidation. He was acquitted of that charge, but found guilty of the lesser offense of disorderly conduct. Because he was found guilty of an offense on the second conduct report, the Defendant argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisk*, 520 U.S. 641 (1997), preclude the Plaintiff from arguing that the second conduct report was a retaliatory act.

disorderly conduct.[3]

To ensure that there could be no misunderstanding, the jury was instructed:

> You have heard evidence pertaining to conduct reports filed against the Plaintiff on February 17, 2004, and February 26, 2004. The Plaintiff contends that those reports were filed in retaliation for the exercise of his First Amendment rights. You may only consider those reports as they relate to the Plaintiff's claim of retaliation. You may not question the validity of the administrative proceedings that subsequently addressed those reports, nor may you question the outcome of those proceedings.

(Jury Instruction 21, DE 134.)

Because the Plaintiff's claims do not necessarily imply the invalidity of his conviction or sentence, they are not barred by *Heck v. Humphrey* and its progeny.

## CONCLUSION

The Plaintiff's speech was constitutionally protected, and the Plaintiff's use of the second conduct report did not require the jury to find invalid the adjudication of that report. The Defendant is therefore not entitled to judgment as a matter of law. The Defendant has failed to demonstrate an adequate basis for granting a new trial. Given these rulings, there are no grounds for the Court to stay the enforcement of the judgment.

## ORDER

For the foregoing reasons, the Defendant's Renewed Motion for Judgment as a Matter of

---

[3] The Defendant argues that the Plaintiff argued to the jury that "*in essence* that he was not guilty of disorderly conduct." (Mem. in Supp. of Mot. 10, DE 144.) The Court finds that this factual characterization is not supported by the record, especially since the Court must view the evidence in the light most favorable to the non-moving party. *See Lasley v. Moss*, 500 F.3d 586, 590 (7th Cir. 2007). Instead, the Court finds that the testimony in the Plaintiff's case in chief, and his argument, was merely that the conduct report was filed in retaliation for his speech. He was not challenging the validity of the conduct report adjudication.

Law After Trial and in the Alternative Motion for New Trial (DE 143) is **DENIED**, and the Defendant's Motion to Stay Enforcement of Judgment (DE 146) is **DENIED AS MOOT**.

SO ORDERED on July 15, 2008.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION