UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES E. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:05-CV-28-TS |
| | ) | |
| BARBARA KASPER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Renewed Motion to Stay Enforcement of Judgment [DE 146] and Memorandum in Support [DE 153].

## BACKGROUND

The Plaintiff, a prison law clerk trying his case *pro se*, sued the Defendant for retaliating against his exercise of the First Amendment right to complain about the Defendant's handling of his personal property and her implementation of various library policies that restricted the prison law clerks' ability to assist other inmates with their legal matters. The case was tried to a jury over three days. On April 3, 2008, the jury returned a verdict for the Plaintiff and awarded him $150 in compensatory damages and $1000 in punitive damages. On June 6, the Court denied the Defendant's Renewed Motion for Judgment as a Matter of Law [DE 140], and Judgment was entered in favor of the Plaintiff and against the Defendant in the amount of $1,150.00 with interest at the rate of 2.09 %.

On June 19, the Defendant filed a Renewed Motion for Judgment as a Matter of Law After Trial and in the Alternative Motion for New Trial [DE 143]. On July 15, 2008, the Defendant filed a Motion to Stay Enforcement of Judgment [DE 146], requesting a stay until

such time as the Court ruled on the Renewed Motion. On July 15, the Court denied the Defendant's Motions, and on July 18, the Plaintiff responded to the Defendant's Motions, which the Court had already denied.

On August 14, the Defendant filed a Notice of Appeal, Second Motion to Stay Enforcement of Judgment [DE 152], and Memorandum in Support [153]. As of the date of this Opinion and Order, the Plaintiff has not responded to the pending Second Motion to Stay, and the time for filing a response has passed under the Local Rules of the United States District Court for the Northern District of Indiana. N.D. Ind. L.R 7.1(a). The Court also notes that mail to the Plaintiff has been returned as undeliverable. Thus, the Plaintiff has likely been transferred to another facility, but he has not notified the Court of his address change.

## DISCUSSION

In her Second Motion to Stay Enforcement of Judgment, the Defendant asks the Court to stay execution of judgment and waive the bond requirement pending appeal pursuant to Federal Rule of Civil Procedure 62(d) and to stay execution under state law pursuant to Federal Rule of Civil Procedure 62(f).

Under Federal Rule of Civil Procedure 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Under Seventh Circuit precedent, a party is ordinarily "entitled to a stay pending appeal only by posting an appropriate bond." *In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000). Although district courts have discretion to waive the bond requirement, "waiver is appropriate only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's

rights will be compromised by a failure adequately to secure the judgment." *Id.* (citing cases). Additionally, district courts consider several criteria in deciding whether to waive the posting of bond, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence regarding the availability of funds to pay the judgment; (4) the defendant's ability to pay being so clear that the cost of a bond would be a waste of money; and (5) the defendant's precarious financial situation would result in placing other creditors of the defendant in an insecure position if the defendant were required to post a bond. *Dillon v. City of Chi.*, 866 F.2d 902, 904–05 (7th Cir. 1988).

Under Indiana Code § 34-13-4-1(1), the Defendant will be indemnified by the State of Indiana for the compensatory damages awarded in the Judgment. Under Indiana Code § 34-13-4-1(2), the Defendant may be indemnified by the State of Indiana for the punitive damages awarded in the Judgment if the Governor or the Department of Correction determines that paying those damages is in the best interest of the governmental entity. Thus, the State of Indiana will indemnify the Defendant for at least some (if not all) of the damages awarded in the Judgment. As to the ability of the State of Indiana to pay the Judgment, the Defendant has submitted the Declaration of Warren A. "Tony" Rogers [DE 146-2], Controller in the Accounting Section of the Office of the Indiana Attorney General. In his Declaration, Mr. Rogers attests that payment of judgments for compensatory damages and/or fees and costs against the State of Indiana comes out of the Tort Claim Fund and that sufficient funds exist in that Fund to pay the $1150 damages awarded in the Judgment. Additionally, Mr. Rogers outlines the various steps in the process that would be followed to obtain a check to pay the Judgment. The process is relatively simple and would take approximately two weeks to complete.

Considering the facts stated in the Declaration of Warren A. "Tony" Rogers, the applicable provisions of the Indiana Code, and the size of the damage award in this case, the Court finds that the Defendant has demonstrated her ability to satisfy the Judgment in the event her appeal is unsuccessful, and the Court is unaware of any facts that would lead the Court to conclude that the Plaintiff's rights will be compromised by a waiver of the bond requirement, which would otherwise secure the Judgment in this case. For these reasons, the Court finds that a stay of enforcement of the judgment and waiver of the bond requirement is appropriate, and the Court will grant the Defendant's Renewed Motion to Stay Enforcement of Judgment. Because the Court will grant the stay pursuant to Federal Rule of Civil Procedure 62(d), it need not address the alternative basis offered by the Defendant under Rule 62(f).

**ORDER**

For the foregoing reasons, the Defendant's Renewed Motion to Stay Enforcement of Judgment [DE 152] is GRANTED, and enforcement of the Judgment in this case is STAYED pending appeal.

SO ORDERED on October 17, 2008.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION